IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES MORGAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-24-GMS |
| | ) | |
| RAPHAEL WILLIAMS, Warden, and | ) | |
| CARL C. DANBERG, Attorney | ) | |
| General of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

At Wilmington this 5th day of April, 2006;

IT IS ORDERED that:

1. Petitioner Charles Morgan's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. (D.I. 1.) In his petition, Morgan concedes that he has not yet been convicted of any crime. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). Further, pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. *See also* Rule 1, 2, 28 U.S.C. foll. § 2254. Therefore, because Morgan is not in custody pursuant to a state court judgment, and he has failed to exhaust state

remedies, the court will summarily dismiss Morgan's petition.[1] *See* Rule 4, 28 U.S.C. foll. § 2254 (a federal district court may summarily dismiss a habeas petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."). Morgan can re-file his habeas petition once his state court proceedings are final and he has exhausted state remedies. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998)(holding that a petition filed after the initial filing was dismissed as premature will not be barred as a "second or successive" petition).

    2. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

    3. The clerk of the court is directed to mail a copy of this order to Morgan and to the respondents.

/s/
UNITED STATES DISTRICT JUDGE

---

[1] The court acknowledges that claim B in Morgan's form petition may be liberally construed as asserting a pre-trial claim pursuant to 28 U.S.C. § 2241. Nevertheless, summary dismissal of this claim is appropriate because the face of Morgan's petition clearly indicates that he is not entitled to relief. First, by asking the court to dismiss all claims pending against him, Morgan is attempting to abort a state criminal proceeding rather than attempting to correct a constitutional violation. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Second, Morgan's petition fails to demonstrate extraordinary circumstances justifying the court's interference with a pending state court proceeding without having first exhausted state remedies. *Moore*, 515 F.2d at 443.